# EXHIBIT A

E-FILED
2/27/2024 5:35 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
24CV431992
Reviewed By: R. Walker

1   Ronald H. Bae (SBN 186826)
    Olivia D. Scharrer (SBN 291470)
2   Carson M. Turner (SBN 345992)
3   AEQUITAS LEGAL GROUP
    A Professional Law Corporation
4   1156 E. Green Street, Suite 200
    Pasadena, California 91106
5   Telephone:    (213) 674-6080
    Facsimile:    (213) 674-6081
6
7   Attorneys for Plaintiff ANGEL CORREA

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
10                            COUNTY OF SANTA CLARA

11
    ANGEL CORREA, individually, and on        Case No. **24CV431992**
12  behalf of other members of the general public
13  similarly situated,
                                               **CLASS ACTION COMPLAINT**
14
            Plaintiff,                         (1)   Violation of California Labor Code
15                                                   §§ 510, 1194, and 1198 (Failure to Pay
16                                                   Regular and Overtime Wages);
        vs.
17                                             (2)   Violation of California Labor Code
18  ARAMARK SERVICES, INC., a Delaware               §§ 226.7 and 512(a) (Failure to Provide
    corporation; and DOES 1 through 50,              Compliant Meal Periods or Pay Premium
19  inclusive,                                       Compensation in Lieu Thereof);
20
            Defendants.                         (3)   Violation of California Labor Code
21                                                   § 226.7 (Failure to Provide Compliant
                                                     Rest Periods or Pay Premium
22                                                   Compensation in Lieu Thereof);
23                                             (4)   Violation of California Labor Code
                                                     §§ 201 – 203 (Failure to Pay Wages
24                                                   Timely Upon Termination);
25                                             (5)   Violation of California Labor Code
26                                                   § 226(a) (Failure to Provide Accurate
                                                     Itemized Wage Statements); and
27
                                               (6)   Violation of California Business &
28                                                   Professions Code §§ 17200, *et seq.*

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1

2

3

**JURY TRIAL DEMANDED**

4    Plaintiff ANGEL CORREA, individually and on behalf of all other members of the

5  public similarly situated, alleges as follows:

6

7                                **THE PARTIES**

8    1.    Plaintiff ANGEL CORREA ("Plaintiff") is at least 18 years of age and is a resident

9  of the County of Santa Clara in the State of California.

10    2.    Defendant ARAMARK SERVICE, INC. was and is, upon information and belief, a

11  Delaware corporation, and at all times hereinafter mentioned, an employer that is engaged in

12  interstate commerce and whose employees are engaged throughout this county and in the State of

13  California.

14    3.    Plaintiff is unaware of the true names or capacities of defendants sued herein under

15  the fictitious names DOES 1 through 50, but prays for leave to amend and serve such fictitiously

16  named defendants pursuant to California Code of Civil Procedure § 474 once their names and

17  capacities become known.

18    4.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 50 are

19  the partners, agents, owners, shareholders, managers or employees of ARAMARK SERVICES,

20  INC. and were acting on behalf of ARAMARK SERVICE, INC. at all relevant times.

21    5.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts

22  and omissions alleged herein were performed by, or are attributable to ARAMARK SERVICE,

23  INC. and DOES 1 through 100 (collectively "Defendants"), each acting as the agent for the other,

24  with legal authority to act on the other's behalf.  The acts of any and all Defendants were in

25  accordance with, and represent the official policy of Defendants.

26    6.    At all relevant times herein mentioned, Defendants, and each of them, ratified each

27  and every act or omission complained of herein.  At all times herein mentioned, Defendants, and

28  each of them, aided and abetted the acts and omissions of each and all the other Defendants in

1   proximately causing the damages herein alleged.

2       7.      Plaintiff is informed and believes, and thereon alleges, that each of said

3   Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

4   omissions, occurrences, and transactions alleged herein.

5

6                       **JURISDICTION AND VENUE**

7       8.      This class action is brought pursuant to California Code of Civil Procedure § 382.

8   The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits

9   of the Superior Court and will be established according to proof at trial.  The amount in

10  controversy for each class representative, including claims for compensatory damages and pro rata

11  share of attorneys' fees, is less than $75,000.

12      9.      This Court has jurisdiction over this action pursuant to the California Constitution,

13  Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except

14  those given by statute to other courts."  The statutes under which this action is brought do not

15  specify any other basis for jurisdiction.

16      10.     This Court has jurisdiction over all Defendants because, upon information and

17  belief, each party is either a citizen of California, has sufficient minimum contacts in California, or

18  otherwise intentionally avails itself of the California market so as to render the exercise of

19  jurisdiction over it by the California courts consistent with traditional notions of fair play and

20  substantial justice.

21      11.     Venue is proper in this Court because, upon information and belief, one or more of

22  the named Defendants reside, transact business, or have offices in this county and the acts and

23  omissions alleged herein took place in this county.

24      12.     As Plaintiff and other similarly situated workers are workers directly involved in

25  transporting goods in interstate commerce, they are exempt from the Federal Arbitration Act and

26  therefore not bound by any arbitration agreement they may have entered into with Defendants.

27  / / /

28  / / /

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1

**CLASS ACTION ALLEGATIONS**

2      13.    Plaintiff brings this action on his own behalf, as well as on behalf of each and all

3   other persons similarly situated, and thus, seeks class certification under California Code of Civil

4   Procedure § 382.

5      14.    All claims alleged herein arise under California law for which Plaintiff seeks relief

6   authorized by California law.

7      15.    Plaintiff's proposed class consists of and are defined as:

8              All non-exempt employees who worked for Defendants in the

9              State of California at any time between four years prior to the

10             filing of this complaint and the date of final judgment in this

11             action.

12     16.    Plaintiff reserves the right to establish additional subclasses as appropriate.

13     17.    There is a well-defined community of interest in the litigation and the class is

14   readily ascertainable:

15             (a)    Numerosity:  The members of the class (and each subclass, if any) are so

16                    numerous that joinder of all members would be infeasible and impractical.

17                    The membership of the entire class is unknown to Plaintiff at this time,

18                    however, the class is estimated to be greater than fifty (50) individuals and

19                    the identity of such membership is readily ascertainable by inspection of

20                    Defendants' employment records.

21             (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect

22                    the interests of each class member with whom he has a well-defined

23                    community of interest, and Plaintiff's claims (or defenses, if any) are

24                    typical of all class members' as demonstrated herein.

25             (c)    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately, protect

26                    the interests of each class member with whom he has a well-defined

27                    community of interest and typicality of claims, as demonstrated herein.

28                    Plaintiff acknowledges that he has an obligation to make known to the

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-4-

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1    Court any relationship, conflicts or differences with any class member.

2    Plaintiff's attorneys, the proposed class counsel, are well-versed in the

3    rules governing class action discovery, certification, and settlement.

4    Plaintiff and his counsel have incurred, and throughout the duration of this

5    action, will continue to incur costs and attorneys' fees that have been, are,

6    and will be necessarily expended for the prosecution of this action for the

7    substantial benefit of each class member.

8    (d)   <u>Superiority</u>: The nature of this action makes the use of class action

9    adjudication superior to other methods. A class action will achieve

10    economies of time, effort and expense as compared with separate lawsuits,

11    and will avoid inconsistent outcomes because the same issues can be

12    adjudicated in the same manner and at the same time for the entire class.

13    (e)   <u>Public Policy Considerations</u>: Employers in the State of California violate

14    employment and labor laws every day. Current employees are often afraid

15    to assert their rights out of fear of direct or indirect retaliation. Former

16    employees are fearful of bringing actions because they believe their

17    former employers might damage their future endeavors through negative

18    references and/or other means. Class actions provide the class members

19    who are not named in the complaint with a type of anonymity that allows

20    for the vindication of their rights at the same time as their privacy is

21    protected.

22   18.   There are common questions of law and fact as to the class (and each subclass, if

23   any) that predominate over questions affecting only individual members, including but not limited

24   to:

25    (a)   Whether Defendants paid Plaintiff and similarly situated employees no

26    less than the applicable minimum wage for all hours worked, as required

27    by California law;

28    (b)   Whether Defendants paid Plaintiff and similarly situated employees for all

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

overtime hours worked at the correct hourly rate, as required by California law;

(c)     Whether Defendants have provided Plaintiff and class members with 30-minute, duty-free meal periods within the first five hours of work, and/or provided a second 30-minute, duty-free meal period on shifts longer than 10 hours, and whether Defendants have paid the required premiums when such meal periods were not provided, as required by California law;

(d)     Whether Defendants have provided Plaintiff and class members with 10-minute rest periods for every four hours worked or major fraction thereof, and whether Defendants have paid the required premiums when such rest periods were not provided, as required by California law;

(e)     Whether Defendants paid Plaintiff and class members all wages owed upon the separation of their employment within the time periods required by California law;

(f)     Whether Defendants provided accurate, itemized wage statements to Plaintiff and class members, as required by California law;

(g)     Whether Defendants' conduct, as described above, was willful or reckless;

(h)     Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code §§ 17200, *et seq.*; and

(i)     The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

## GENERAL ALLEGATIONS

19.     At all relevant times set forth herein, Defendants employed Plaintiff and other persons as non-exempt employees who belong to the class as set forth above.

20.     Defendants employed Plaintiff as a non-exempt employee from approximately January 2023 to approximately May 2023.  Plaintiff worked at Defendants' client site located inside Walmart in San Bruno, California.  Plaintiff also worked at another Defendants' client site

-6-

1  located inside Cisco Systems, Inc. in San Jose, California.  Plaintiff's job duties consisted of

2  preparing and cooking food, as well as performing other related tasks.

3      21.    At all relevant times set forth herein, Defendants systematically failed to pay

4  minimum and overtime wages to Plaintiff and other similarly situated employees (sometimes

5  collectively "employees" or "class members").

6      22.    Plaintiff and other similarly situated employees regularly worked more than 8 hours

7  per day and/or more than 40 hours per week and were not paid for their overtime hours.

8  Defendants' policy and practice was to pay employees for 8 hours per day and/or 40 hours per

9  week, even if employees worked longer.  Plaintiff and other employees were regularly warned not

10  to work over 8 hours and that they would otherwise be disciplined, but the workload was such that

11  Plaintiff and other employees could not finish under 8 hours of work.  In addition, Plaintiff and

12  other similarly situated employees regularly worked during their meal breaks without being

13  compensated for those hours worked.

14      23.    At all relevant times set forth herein, Defendants systematically failed to provide

15  compliant meal periods to Plaintiff and other similarly situated employees, as required by

16  California law.  Plaintiff and class members were deprived of the opportunity to take a timely,

17  duty-free meal break of at least 30 minutes for every 5 hours of work due to the working

18  conditions imposed by Defendants.  Plaintiff and class members' meal periods were regularly

19  interrupted and cut short due to chronic understaffing and heavy workload.

20      24.    Defendants did not pay meal break premiums to Plaintiff and other similarly

21  situated employees when compliant meal periods were not provided.

22      25.    At all relevant times set forth herein, Defendants systematically failed to provide

23  Plaintiff and other similarly situated employees with rest periods of at least 10 minutes for each 4

24  hours worked or major fraction thereof.  Plaintiff and class members were deprived of the

25  opportunity to take timely, duty-free rest periods due to the working conditions imposed by

26  Defendants.  Defendants required Plaintiff and class members to finish their duties under 8 hours

27  because Defendants did not want to pay any overtime wages, and in order to finish their work

28  under 8 hours, Plaintiff and class members had no choice but to work through their rest periods.

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-7-

26.     Defendants did not pay rest break premiums to Plaintiff and other similarly situated employees when compliant rest periods were not provided.

27.     At all relevant times set forth herein, Defendants failed to pay Plaintiff and other similarly situated employees all wages owed upon the separation of their employment, including the unpaid overtime wages described herein.

28.     At all relevant times set forth herein, Defendants have failed to provide Plaintiff and other similarly situated employees with accurate itemized wage statements, as required by California Labor Code § 226(a).  The number of hours worked and the corresponding hourly rates are inaccurate as a consequence of Defendants' failure to pay regular and overtime wages, and meal and rest period premium wages, as set forth herein.

29.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

30.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and similarly situated employees were entitled to receive minimum wage for all hours worked as well as overtime pay at one-and-a-half times the regular rate of pay, but that Plaintiff and similarly situated employees were not paid all their hours worked and/or were not paid at the correct hourly rate.

31.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other similarly situated employees were entitled to receive all meal periods as required by California law, or payment of one additional hour of pay at the regular rate of pay when a compliant meal period was not provided.

32.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and other similarly situated employees were entitled to receive all rest periods as required by California law, or payment of one additional hour of pay at the regular rate of pay when a compliant rest period was not provided.

33.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-8-

1  should have known that Plaintiff and other similarly situated employees were entitled to timely

2  payment of all wages—including, without limitation, regular and overtime wages—due upon

3  termination or discharge in accordance with California law, and that they were not timely paid

4  such wages.

5      34.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

6  should have known that Plaintiff and other similarly situated employees were entitled to receive

7  complete and accurate wage statements in accordance with California law, and that such wage

8  statements were not provided.

9      35.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

10  mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff

11  and other similarly situated employees, and that Defendants had the financial ability to pay such

12  compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to

13  Plaintiff and other similarly situated employees that they were properly denied wages, all in order

14  to increase Defendants' profits.

15      36.    California Labor Code § 218 states that nothing in Article 1 of the Labor Code shall

16  limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or

17  her] under this article.

18

19                    **FIRST CAUSE OF ACTION**

20        **Violation of California Labor Code §§ 510, 1194, and 1198**

21                    **(Against All Defendants)**

22      37.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

23  material allegations set out in paragraphs 1 through 36.

24      38.    California Labor Code § 510 codifies the right to overtime compensation at one-

25  and-one-half times the regular hourly rate for hours worked in excess of 8 hours in a day or 40

26  hours in a week or for the first 8 hours worked on the seventh day of work, and to overtime

27  compensation at twice the regular hourly rate for hours worked in excess of 12 hours in a day or in

28  excess of 8 hours in a day on the seventh day of work.

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-9-

1    39.    During the relevant time period, Plaintiff and class members consistently worked in

2  excess of 8 hours in a day and in excess of 40 hours in a week.

3    40.    California Labor Code § 1198 and the applicable Industrial Welfare Commission

4  ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at

5  a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on

6  the number of hours worked by the person on a daily or weekly basis.

7    41.    Specifically, the applicable IWC Wage Order provides that Defendants are and

8  were required to pay Plaintiff and class members employed by Defendants, and working more

9  than 8 hours in a day or more than 40 hours in a workweek, at the rate of time-and-one-half for all

10  hours worked in excess of 8 hours in a day or more than 40 hours in a workweek.

11    42.    During the relevant time period, Defendants willfully failed to pay all wages,

12  including minimum and overtime wages, owed to Plaintiff and class members.

13    43.    Plaintiff and other similarly situated employees regularly worked more than 8 hours

14  per day and/or more than 40 hours per week and were not paid for their overtime hours.

15  Defendants' policy and practice was to pay employees for 8 hours per day and/or 40 hours per

16  week, even if employees worked longer.  Plaintiff and other employees were regularly warned not

17  to work over 8 hours and that they would otherwise be disciplined, but the workload was such that

18  Plaintiff and other employees could not finish under 8 hours of work.  In addition, Plaintiff and

19  other similarly situated employees regularly worked during their meal breaks without being

20  compensated for those hours worked.

21    44.    Defendants' failure to pay Plaintiff's and class members' overtime wages violates

22  the provisions of California Labor Code §§ 510, 1194 and 1198, and is therefore unlawful.

23    45.    Plaintiff and class members are entitled to recover unpaid wages and such general

24  and special damages as may be appropriate and interest thereon.

25    46.    Pursuant to California Labor Code § 1194, Plaintiff and class members are entitled

26  to recover their unpaid overtime wages, as well as interest, costs, and attorneys' fees.

27  / / /

28  / / /

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-10-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 226.7 and 512(a)

### (Against All Defendants)

47.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 46.

48.     At all relevant times, the applicable IWC Wage Order and California Labor Code §§ 226.7 and 512(a) were applicable to Plaintiff's and class members' employment by Defendants.

49.     At all relevant times, California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

50.     At all relevant times, the applicable IWC Wage Order and California Labor Code § 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more than 5 hours per day without providing the employee with an uninterrupted meal period of not less than 30 minutes, except that if the total work period per day of the employee is not more than 6 hours, the meal period may be waived by mutual consent of both the employer and the employee.

51.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a period of more than 10 hours per day without providing the employee with a second uninterrupted meal period of not less than 30 minutes, except that if the total hours worked is not more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

52.     During the relevant time period, Plaintiff and class members who were scheduled to work for a period of time no longer than 6 hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than 5 hours without an uninterrupted meal period of not less than 30 minutes.

53.     During the relevant time period, Plaintiff and class members who were scheduled to work for a period of time in excess of 6 hours were required to work for periods longer than 5

1 | hours without an uninterrupted meal period of not less than 30 minutes.

2 | 54.   During the relevant time period, Defendants willfully required Plaintiff and class

3 | members to work during meal periods and failed to compensate Plaintiff and class members for

4 | work performed during meal periods.

5 | 55.   At all relevant times set forth herein, Defendants systematically failed to provide

6 | compliant meal periods to Plaintiff and other similarly situated employees, as required by

7 | California law.  Plaintiff and class members were deprived of the opportunity to take a timely,

8 | duty-free meal break of at least 30 minutes for every 5 hours of work due to the working

9 | conditions imposed by Defendants.  Plaintiff and class members' meal periods were regularly

10 | interrupted and cut short due to chronic understaffing and heavy workload.

11 | 56.   During the relevant time period, Defendants failed to pay Plaintiff and class

12 | members the full meal period premium due for non-compliant meal periods pursuant to California

13 | Labor Code § 226.7.

14 | 57.   Defendants' conduct violates the applicable IWC Wage Orders and California

15 | Labor Code §§ 226.7 and 512(a).

16 | 58.   Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b),

17 | Plaintiff and class members are entitled to recover from Defendants one additional hour of pay at

18 | the employees' regular hourly rate of compensation for each work day that a compliant meal

19 | period was not provided.

20 |

21 | **THIRD CAUSE OF ACTION**

22 | **Violation of California Labor Code § 226.7**

23 | **(Against All Defendants)**

24 | 59.   Plaintiff incorporates by reference and re-alleges as if fully stated herein the

25 | material allegations set out in paragraphs 1 through 58.

26 | 60.   At all relevant times herein set forth, the applicable IWC Wage Order and

27 | California Labor Code § 226.7 were applicable to Plaintiff's and class members' employment by

28 | Defendants.

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-12-

61.     At all relevant times, California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

62.     At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

63.     During the relevant time period, Defendants required Plaintiff and class members to work 4 or more hours without authorizing or permitting a 10-minute rest period per each 4 hour period worked or major fraction thereof.

64.     At all relevant times set forth herein, Defendants systematically failed to provide Plaintiff and other similarly situated employees with rest periods of at least 10 minutes for each 4 hours worked or major fraction thereof.   Plaintiff and class members were deprived of the opportunity to take timely, duty-free rest periods due to the working conditions imposed by Defendants.  Defendants required Plaintiff and class members to finish their duties under 8 hours because Defendants did not want to pay any overtime wages, and in order to finish their work under 8 hours, Plaintiff and class members had no choice but to work through their rest periods.

65.     During the relevant time period, Defendants failed to pay Plaintiff and class members the full rest period premium due for non-compliant rest periods pursuant to California Labor Code § 226.7.

66.     Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code § 226.7.

67.     Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b), Plaintiff and class members are entitled to recover from Defendants one additional hour of pay at the employee's regular hourly rate of compensation for each work day that the rest period was not provided.

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1

**FOURTH CAUSE OF ACTION**

2

**Violation of California Labor Code §§ 201, 202 and 203**

3

**(Against All Defendants)**

4   68.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the

5   material allegations set out in paragraphs 1 through 67.

6   69.     At all times herein set forth, California Labor Code §§ 201 and 202 provide that if

7   an employer discharges an employee, the wages earned and unpaid at the time of discharge are

8   due and payable immediately, and that if an employee voluntarily leaves his or her employment,

9   his or her wages shall become due and payable not later than 72 hours thereafter, unless the

10  employee has given 72 hours previous notice of his or her intention to quit, in which case the

11  employee is entitled to his or her wages at the time of quitting.

12  70.     At all relevant times set forth herein, Defendants failed to pay Plaintiff and other

13  similarly situated employees all wages owed upon the separation of their employment, including

14  the unpaid overtime wages described herein.

15  71.     Defendants' failure to pay Plaintiff and those class members who are no longer

16  employed by Defendants their wages earned and unpaid at the time of discharge, or within 72

17  hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201, 202

18  and 203.

19  72.     All California employers know or should know that employees must be paid for all

20  hours worked, and must be paid overtime at a rate of one-and-a-half times the regular rate of pay

21  for overtime hours as defined by California law.  Defendant's failure to abide by this well-

22  established law is willful and not in good faith.

23  73.     California Labor Code § 203 provides that if an employer willfully fails to pay

24  wages owed, in accordance with §§ 201 and 202, then the wages of the employee shall continue as

25  a penalty from the due date, and at the same rate until paid or until an action is commenced; but

26  the wages shall not continue for more than thirty (30) days.

27  74.     Plaintiff and class members are entitled to recover from Defendants the statutory

28  penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1    California Labor Code § 203.

2

3                          **FIFTH CAUSE OF ACTION**

4                   **Violation of California Labor Code § 226(a)**

5                          **(Against All Defendants)**

6         75.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

7    material allegations set out in paragraphs 1 through 74.

8         76.    At all material times set forth herein, California Labor Code § 226(a) provides that

9    every employer shall furnish each of his or her employees an accurate itemized wage statement in

10   writing showing the following information: (1) gross wages earned; (2) total hours worked by the

11   employee, except for any employee whose compensation is solely based on a salary and who is

12   exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of

13   the Industrial Welfare Commission; (3) the number of piece-rate units earned and any applicable

14   piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all

15   deductions made on written orders of the employee may be aggregated and shown as one item; (5)

16   net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the

17   name of the employee and his or her social security number, except that by January 1, 2008, only

18   the last four digits of his or her social security number or an employee identification number other

19   than a social security number may be shown on the itemized statement; (8) the name and address

20   of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay

21   period and the corresponding number of hours worked at each hourly rate by the employee

22        77.    Defendants have intentionally and willfully failed to provide employees with

23   complete and accurate wage statements.  The number of hours worked and the corresponding

24   hourly rates are inaccurate as a consequence of Defendants' failure to pay overtime wages, as set

25   forth herein.

26        78.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff

27   and class members have suffered injury and damage to their statutorily-protected rights.

28        79.    Specifically, Plaintiff and other class members have been injured by Defendants'

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1 | intentional violation of California Labor Code § 226(a) because they were denied both their legal
2 | right to receive, and their protected interest in receiving, accurate, itemized wage statements under
3 | California Labor Code § 226(a).  Plaintiff and other class members have been injured by
4 | Defendants' intentional violation of California Labor Code § 226(a) in that it has caused confusion
5 | over whether they had received all of the wages owed them, in addition to their difficulty and
6 | expense in reconstructing pay records and making mathematical computations to analyze whether
7 | the wages paid them did in fact compensate them for all hours worked

80.     Furthermore, Labor Code § 226(e)(2)(B) provides that an employee is deemed to suffer injury if the wage statement fails to accurately and completely provide certain pieces of information and the employee cannot promptly and easily determine such information from the wage statement alone.  In relevant part, Labor Code § 226(e)(2)(B) provides that an employee is deemed to suffer injury if the wage statement does not  accurately and completely state the total number of hours worked by the employee, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

81.     Plaintiff and class members are deemed to have suffered injury because their wage statements did not provide complete and accurate information regarding the number of hours worked and the corresponding hourly rates are inaccurate as a consequence of Defendants' failure to pay regular and overtime wages, and meal and rest period premium wages, as set forth herein.

82.     Plaintiff and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding $4,000 per employee.

## SIXTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, *et seq.*

### (Against All Defendants)

83.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 82.

84.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

1  unlawful, and harmful to Plaintiff, other class members, and to the general public.  Plaintiff seeks

2  to enforce important rights affecting the public interest within the meaning of Code of Civil

3  Procedure § 1021.5.

4      85.    Defendants' activities, as alleged herein, are violations of California law, and

5  constitute unlawful business acts and practices in violation of California Business & Professions

6  Code §§ 17200, *et seq.*

7      86.    A violation of California Business & Professions Code §§ 17200, *et seq.* may be

8  predicated on the violation of any state or federal law.   In this case, Defendants' policy and

9  practice of failing to pay Plaintiff and class members the proper hourly rates for all overtime hours

10  worked violates California Labor Code §§ 510, 1194, and 1198; Defendants' policy and practice

11  of requiring Plaintiff and class members to work through their meal and rest periods without

12  paying them proper compensation violates California Labor Code §§ 226.7 and 512(a);

13  Defendants' policy and practice of not timely paying all wages owed to Plaintiff and other

14  similarly situated employees upon resignation or termination violates California Labor Code §§

15  201, 202, and 203; and Defendants' policy and practice of failing to provide accurate itemized

16  wage statements violate California Labor Code § 226.

17      87.    Plaintiff and putative class members have been personally injured by Defendants'

18  unlawful business acts and practices as alleged herein, including but not necessarily limited to the

19  loss of money and/or property.

20      88.    Pursuant to California Business & Professions Code §§ 17200, *et seq.*, Plaintiff and

21  putative class members are entitled to restitution of the wages withheld and retained by

22  Defendants during a period that commences four years prior to the filing of this complaint; a

23  permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and class

24  members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and

25  other applicable laws; and an award of costs.

26

27              **REQUEST FOR JURY TRIAL**

28      Plaintiff requests a trial by jury.

-17-

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

## **PRAYER FOR RELIEF**

Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### As to the First Cause of Action

1.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510, 1194 and 1198 and applicable IWC Wage Orders by willfully failing to pay all wages, including overtime wages, due to Plaintiff and class members;

2.    For general unpaid wages at the applicable wage rates and such general and special damages as may be appropriate;

3.    For pre-judgment interest on any unpaid wages commencing from the date such amounts were due;

4.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and

5.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Second Cause of Action

6.    That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods to Plaintiff and class members;

7.    That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a compliant meal period was not provided;

8.    For all actual, consequential, and incidental losses and damages, according to proof;

9.    For premiums pursuant to California Labor Code § 226.7(b);

10.    For pre-judgment interest on any unpaid wages from the date such amounts were due; and

11.    For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

-18-

1    12.    That the Court declare, adjudge and decree that Defendants violated California

2    Labor Code § 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest

3    periods to Plaintiff and class members;

4    13.    That the Court make an award to the Plaintiff and class members of one (1) hour of

5    pay at each employee's regular rate of compensation for each workday that a compliant rest period

6    was not provided;

7    14.    For all actual, consequential, and incidental losses and damages, according to

8    proof;

9    15.    For premiums pursuant to California Labor Code § 226.7(b);

10    16.    For pre-judgment interest on any unpaid wages from the date such amounts were

11    due; and

12    17.    For such other and further relief as the Court may deem equitable and appropriate.

13                         As to the Fourth Cause of Action

14    18.    That the Court declare, adjudge and decree that Defendants violated California

15    Labor Code §§ 201, 202, and 203 by willfully failing to pay Plaintiff and class members all

16    compensation owed to them at the time of their termination of the employment;

17    19.    For all actual, consequential and incidental losses and damages, according to

18    proof;

19    20.    For statutory penalties pursuant to California Labor Code § 203; and

20    21.    For such other and further relief as the Court may deem equitable and appropriate.

21                         As to the Fifth Cause of Action

22    22.    That the Court declare, adjudge and decree that Defendants violated the record

23    keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to

24    Plaintiff and class members, and willfully failed to provide accurate itemized wage statements

25    thereto;

26    23.    For all actual, consequential and incidental losses and damages, according to proof;

27    24.    For statutory penalties pursuant to California Labor Code § 226(e); and

28    25.    For such other and further relief as the Court may deem equitable and appropriate.

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

-19-

AEQUITAS LEGAL GROUP
A Professional Law Corporation
1156 E. Green Street, Suite 200
Pasadena, California 91106

### As to the Sixth Cause of Action

26.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, *et seq.* by failing to pay Plaintiff and class members all wages due to them, including overtime wages; failing to provide compliant meal and rest periods to Plaintiff and class members and failing to pay premium wages when compliant meal and rest periods were not provided; failing to timely pay all wages due upon employees' resignation or termination under California Labor Code § 201 – 203; and failing to provide Plaintiff and class members with compliant wage statements under California Labor Code § 226.

27.     For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

28.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code §§ 17200 *et seq.*;

29.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5; and

30.     For such other and further relief as the Court may deem equitable and appropriate.


Dated:  February 27, 2024                    AEQUITAS LEGAL GROUP

                                             By: _____
                                                 RONALD H. BAE
                                                 OLIVIA D. SCHARRER
                                                 CARSON M. TURNER
                                             Attorneys for Plaintiff ANGEL CORREA